UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE S. MILLER and SELECT
REAL ESTATE BY STEPHANIE MILLER,
INC.,

    Plaintiffs,

v.                                    Case No:  2:14-cv-347-FtM-38MRM

JOHN M. SUMMERS, SUMMERS
GULF MANAGEMENT, LLC and
CORKSCREW MANAGEMENT, LLC,

    Defendants/Third Party
    Plaintiffs

BECKER & POLIAKOFF, P.A.,

    Third Party Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on Third Party Defendant Becker & Poliakoff, P.A.'s Motion to Stay or Abate (Doc. #62) filed on August 20, 2015.  Defendants/Third Party Plaintiffs John M. Summers, Summers Gulf Management, LLC and Corkscrew Management, LLC filed a Response and Memorandum in Opposition to Third Party Defendant Becker & Poliakoff's Motion to Stay or Abate (Doc. #64) on August 31, 2015.  This matter is ripe for review.

On April 24, 2015, Defendants/Third Party Plaintiffs filed a two-count Third Party Complaint against Becker & Poliakoff.  (Doc. #45).  In Count I, Defendants/Third Party

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiffs assert that Becker & Poliakoff committed legal malpractice while representing them in a commercial real estate transaction.  In Count II, they seek contribution from Becker & Poliakoff under Florida Statute § 768.31, if Plaintiffs Stephanie Miller and Select Real Estate by Stephanie Miller Inc. prevail on their claims against Defendants/Third Party Plaintiffs. Becker & Poliakoff answered the Third Party Complaint (Doc. #54), but they have now moved to stay the third-party action, arguing that the legal malpractice and contribution claims are not ripe.  (Doc. #62 at 3).

A district court has discretionary power to stay proceedings before it.  *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997).  The power to say is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Economy of time and effort is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254-55.

As stated, the parties disagree about whether a stay is necessary.  Third Party Defendant argues the legal malpractice and contribution claims against it are premature as they are predicated on the Defendants/Third Party Plaintiffs being found liable on the original action. (Doc. #62).  Defendants/Third Party Plaintiffs, in turn, argue that they appropriately initiated the third-party action under Rule 14(a) of the Federal Rules of Civil Procedure, which provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is ***or may be liable*** to it for all or part of the claim against it."  (Doc. #64 at 4 (emphasis copied)).

Upon careful consideration, the Court finds that is in the interests of judicial economy to deny without prejudice Becker & Poliakoff's motion. Becker & Poliakoff answered the Third Party Complaint (Doc. #54) on June 8, 2015, and attended a mediation conference with Plaintiffs and Defendants/Third Party Plaintiffs on July 29, 2015.  (Doc. #59; Doc. #59-1).

Since then, the Court granted the parties' request to attend a settlement conference with a United States Magistrate Judge and directed them to contact the Honorable Carol Mirando to make the necessary arrangements. As a result, the Court finds that staying the case at this juncture does not best serve the parties' and the Court's interests. If necessary, however, Becker & Poliakoff may file a second motion to stay after the settlement conference concludes.

    Accordingly, it is now

    **ORDERED:**

    Third Party Defendant Becker & Poliakoff, P.A.'s Motion to Stay or Abate (Doc. #62) is **DENIED without prejudice**.

    **DONE** and **ORDERED** in Fort Myers, Florida this 23th day of September, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3