UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE S. MILLER and SELECT REAL ESTATE BY STEPHANIE MILLER, INC.,

    Plaintiffs,

v.                                      Case No:  2:14-cv-347-FtM-38DNF

JOHN M. SUMMERS, SUMMERS GULF MANAGEMENT, LLC and CORKSCREW MANAGEMENT, LLC,

    Defendants/Third Party Plaintiffs

BECKER & POLIAKOFF, P.A.,

    Third Party Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendants John M. Summers, Summers Gulf Management, LLC, and Corkscrew Management, LLC's motions to strike, as asserted in their Answer and Affirmative Defenses. (Doc. #44). Plaintiffs Stephanie S. Miller and Select Real Estate by Stephanie Miller, Inc. filed an Opposition to the Motion to Strike Impermissibly Embedded within Defendants' Answer (Doc. #51). This matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In 2012, Plaintiffs and Defendants were involved a commercial real estate transaction that went south. As a result, Plaintiffs commenced this suit against Defendants alleging fraudulent misrepresentation, fraudulent concealment, tortious interference with business relationship, breach of contract and of duty of good faith and fair dealing, and violation of Florida Deceptive and Unfair Trade Practices Act. (Doc. #1 at ¶¶ 49-74). Defendants filed an Answer and Affirmative Defenses that also contained three motions to strike. (Doc. #44).

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is a drastic remedy that will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law. *See Guididas v. Cmty. Nat'l Bank Corp.*, No. 8:11-cv-2545, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013); *Gesell v. K–MartCorp.*, No. 2:11-cv-130, 2011 WL 3628878, at *1 (M.D. Fla. Aug.3, 2011). A court typically does not exercise its discretion to strike a pleading "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Because this is a difficult standard to satisfy, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc., v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (internal quotations omitted).

As stated, Defendants' Answer contains three motions to strike portions of the Complaint. (Doc. #44). They move to strike paragraph 48 of the Complaint, which reads "[p]rior to the commencement of this action, Plaintiffs asked Defendants to mediate this

dispute, but Defendants refused" (Doc. #1 at ¶ 48), as immaterial and impertinent and because it invokes settlement communications that should not be disclosed to the jury. (Doc. #44 at 6). Next, Plaintiffs' demand for attorneys' fees in accordance with the parties' short-sale contract; however, Defendants argue the demand is inappropriate because Plaintiffs' breach of contract claim involves a different contract from the short-sale contract. (Doc. #44 at 7-8). Finally, Defendants argue that Florida Statute § 768.72 prohibits Plaintiffs' request for punitive damages in Counts I through IV." (Doc. #44 at 9-10).

Before discussing the merits of Defendants' motions to strike, the Court finds that the motions are procedurally barred. They fail to comply with Local Rule 3.01(g), which requires, in pertinent part, that

> [b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) state whether counsel agree on the resolution of the motion.

M.D. Fla. Local Rule 3.01(g). This rule is designed to foster communication between the parties and help resolve certain disputes without court intervention. *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The importance of Local Rule 3.01(g) in helping avoid needless litigation cannot be overstated, and violating this rule "constitutes sufficient grounds to deny the relief sought by the noncompliant moving party." *Esrick v. Mitchell*, No. 5:08-cv-50, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008). Defendants did not provide the requisite certification of conferring with opposing counsel, the Court will deny the motions to strike on that ground. Moreover, Defendants' motion to strike should have been filed separate from their Answer in order to apprise the

Court of a pending request for relief.  See M.D. Fla. Loc. R. 1.05, 3.01.  Contrary to these requirements, Defendants inserted the motion to strike in their responsive pleading and did so at the same time as it answered.  See Fed. R. Civ. P. 12(f) (permitting a party to move to strike "either *before* responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading" (emphasis added)).  Even if the Court ignored these procedural deficiencies, Defendants have not provided persuasive reasons for the Court to exercise its direction and grant the motions to strike.

Accordingly, it is now

**ORDERED**:

1. Defendants John M. Summers, Summers Gulf Management, LLC, and Corkscrew Management, LLC's Motions to Strike asserted in Defendants' Answer and Affirmative Defenses (Doc. #44) are **DENIED**.

2. Defendants John M. Summers, Summers Gulf Management, LLC, and Corkscrew Management, LLC are **DIRECTED** to file an amended Answer and Affirmative Defenses in accordance with this Order on or before **October 2, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of September, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record